IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID EARL HUNTER (#0946-16), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-1289-L-BN |
| PATRICK M. WILSON, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

David Earl Hunter, at least at the time he initiated this action, an inmate at the Wayne McCollum Detention Center in Waxachachie, Texas, has filed a *pro se* civil action under 42 U.S.C. § 1983 against the Ellis County District Attorney and the Ennis Police Department, seeking monetary damages based on a claim of unlawful incarceration. *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay has referred this action to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Hunter's claims against the named defendants with prejudice, grant Hunter's construed motion to amend his complaint to add a John Doe defendant, and then recommit this action to the undersigned for further screening.

-1-

**Applicable Background**

Hunter alleges that for a period from June 10, 2015 to September 30, 2015 he was unlawfully incarcerated in the Ellis County Jail. *See* Dkt. No. 3 at 4. Through the complaint and his verified responses to the Court's questionnaire, Hunter confirms that his allegation of unlawful incarceration stems from a theft-of-property charge that was discharged on September 30, 2015. *See* Dkt. No. 3 at 7; Dkt. No. 7 at 1. Against the only named defendants – the prosecutor and the police department – he seeks "monetary damages in the [ ] amount the law allow[s] or grant[s] in this matter." *Id.*

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

-3-

contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A district court must generally afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a prisoners' claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Where the Court determines that a *pro se* prisoner has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or defendants therein – with prejudice. *See, e.g., Mitchell v. Miller-Roach*, No. 3:10-cv-

-4-

1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

## Analysis

<u>Ellis County District Attorney</u>

State prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. July 7, 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Hunter fails to allege specific facts to overcome prosecutorial immunity. As such, his claim against Patrick M. Wilson, the Ellis County District Attorney, should be dismissed with prejudice.

Ennis Police Department

Because the undersigned was concerned that Hunter was not warned explicitly that by suing the Ennis Police Department and not naming as a defendant an individual officer or employee of that department, he was suing a non-jural entity that cannot be sued for civil rights violations under Section 1983, the Court, on August 17, 2016, issued a second questionnaire to alert Hunter and require him to "[l]ist each person or entity that [he claims] violated [his] civil rights." Dkt. No. 8; *see Johnson v. Dallas Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v.*

*Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993)); *cf. Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (absent authorization by a Texas city, a plaintiff "no more can proceed against [its] police department alone than [he] could against the accounting department of a corporation").

Hunter returned a verified response dated September 11, 2016, in which he states that he cannot "answer this question because this information was [concealed]," but that "the police report and complaint filed concerning the above" can be obtained from either of two attorneys. Dkt. No. 10. Because Hunter's response fails to cure the jural entity issue as to the Ennis Police Department, the Court should dismiss that defendant with prejudice.

Construed Motion to Amend and Discovery

Hunter's verified response to the second questionnaire raises the possibility that, with Court-sanctioned discovery, he may be able to identify an individual defendant(s) that he claims violated his civil rights. *Cf. Cowart v. Erwin*, No. 3:10-cv-1800-G-BN, 2013 WL 3970790, at *6 (N.D. Tex. Aug. 2, 2013) ("The [United States Court of Appeals for the] Fifth Circuit's ruling that Plaintiff 'was likely entitled to conduct discovery' prior to dismissal under 28 U.S.C. § 1915A suggests that it considered Plaintiff's interrogatory responses and other conduct as a request for discovery that should have been granted by the Court." (quoting *Cowart v. Dallas Cnty. Jail*, 439 F. App'x 332, 333 (5th Cir. 2011) (per curiam))).

While Hunter has not formally sued a John Doe defendant in place of an unnamed Ennis police officer(s) or other individual, his verified questionnaire response

-7-

is properly construed as indicating that he believes that discovery will reveal the identity of an individual defendant capable of being sued. *Cf. Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("The only reason to sue a 'John Doe' is to conduct discovery backed by the authority of the court... Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))).

Therefore, while the defendants Hunter named initially should be dismissed, the Court should liberally construe the verified response to the second questionnaire as seeking leave to amend the complaint to name a John Doe defendant, and the Court should recommit this matter to the undersigned for further screening.

## Recommendation

The Court should dismiss Hunter's claims against the named defendants with prejudice, grant Hunter's construed motion to amend his complaint to add a John Doe defendant, and then recommit this action to the undersigned for further screening.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

-8-

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: September 16, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE